IN THE MATTER OF THE APPLICATIONS OF JOHN BORGES, F. M. LORENZ, BENEDICT K. APIKI, DAVID KEAWE, FRANK DE CAMBRA, WILLIAM KAMANU, JAMES NAKOA, HERBERT KAPUKELA, YOKICHI MIYASAKI AND MARY DAVISON FOR WRITS OF HABEAS CORPUS.

NOS. 1922 TO 1931 INCLUSIVE.

ARGUED DECEMBER 17, 1929.    DECIDED DECEMBER 27, 1929.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J.

These cases are here on interlocutory appeals from an order entered by the Honorable Charles S. Davis, third judge of the circuit court of the first judicial circuit, sustaining a motion to quash the returns of the respondent to writs of habeas corpus. All of the petitioners are shown to be adults, except four, who are shown to be

minors under the age of sixteen years. On motion of the respondent the cases were here consolidated under section 5 of Rule 2 of the rules of this court.

It appears from the petition for the writ in each case that the petitioner at the time the petition was filed was unlawfully confined at the Kalihi hospital for lepers under the order and direction of F. E. Trotter, acting as president and executive officer of the board of health of the Territory of Hawaii, and that the petitioner, upon information and belief set forth in the petition, believed that the said F. E. Trotter was planning and was about to unlawfully have the petitioner transported to the leper settlement on the Island of Molokai. A writ of habeas corpus was duly issued upon the filing of each petition and the said F. E. Trotter was commanded to produce the body of the petitioner before the judge issuing it at 9 A. M. on the 13th day of August, together with the full circumstances of, place and time of the petitioner's detention.

On the date and at the place designated F. E. Trotter filed his return in each case. The detention of the petitioner at the Kalihi hospital for lepers was admitted. So far as each of the adult petitioners was concerned, authority for the detention was alleged in substance to be that the petitioner was reported to the board of health as a leper suspect by a duly licensed physician, whose name was given in the return, on the date mentioned in the return, and that the petitioner voluntarily surrendered himself into the custody of the board of health and did in writing waive his right or privilege of being examined under the provisions of section 1186, R. L. 1925, and did on the date mentioned in the return, voluntarily agree with the board of health to submit to an examination by a duly licensed physician, whose name is also given in the return, and to abide by the results of such examination;

that in accordance with this agreement the petitioner was duly examined by the physician mentioned and that this physician, on a date mentioned in the return, reported to the board of health that on said date N. E. Wayson, a licensed physician and director of the United States Leprosy Station, examined the petitioner and reported him to the board of health as then being bacteriologically positive and that the petitioner was thereupon consigned to the Kalihi hospital as a leper and has ever since that time remained in the custody of the board of health at said Kalihi hospital and has never been lawfully discharged or transferred by the board of health or by its direction or permission. Each return also contains the following allegation: "Respondent denies each, all and every of the material allegations of fact in the petition herein contained, which have not already been admitted or denied herein." So far as the minor petitioners are concerned each of the returns is in substance the same as that made to the writs issued in behalf of the adult petitioners except in the former it is alleged that the father of the minor, acting on behalf of the minor, voluntarily agreed in writing with the board of health that the said minor should be examined by three duly licensed physicians, who are named in the return, and would abide by the results of said examination.

It was conceded at the argument by counsel for petitioners that these returns show on their face the lawful detention of petitioners at the Kalihi hospital. If, therefore, there was nothing involved except the legality of this detention it is manifest that the motions to quash the returns should and no doubt would have been denied. It is contended, however, by counsel for the petitioners that in view of the allegation in each petition that the respondent was planning and was about unlawfully to have the petitioner transferred to the leper settlement on the

Island of Molokai, the return is insufficient because the respondent does not therein specifically deny this allegation nor does he allege any legal authority for the contemplated removal.

The allegation contained in each petition that the respondent was planning and was about to remove the petitioner from the Kalihi hospital to the leper settlement on the Island of Molokai was in no way admitted by the respondent in his return. We think therefore that the general denial contained in each return of the material allegations of fact in the petition which were not admitted was sufficient to present an issue of fact upon which it was necessary, if this issue was a material one, to take evidence. This, under the general rules of good pleading, would certainly be true in any other kind of case and we see no reason why a stricter rule should be applied in habeas corpus. Of course if this issue was immaterial, the returns being otherwise on their face sufficient, the motion to quash them should not have been sustained. It is not necessary for us to decide at this time whether the issue was material or immaterial and we therefore withhold any expression of opinion on that subject. We are constrained to do this for the reason that there is now pending in this court an appeal in another case, which has not yet been submitted, which directly involves the question of whether one who is admittedly under lawful restraint may, by the writ of habeas corpus, prevent the execution of a threat to commit an unlawful assault upon him. Under these circumstances we deem it inadvisable to say anything at this time that might be construed as a determination of that question.

The order appealed from in the instant cases is reversed and the cases are remanded with instructions to deny the motions to quash and for further proceedings not inconsistent with this opinion.

*H. T. Mills* (also on the brief) for petitioners.

*E. R. McGhee,* Deputy Attorney General (*H. R. Hewitt,* Attorney General, with him on the briefs), for respondent.